**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JIMMY L. GRIMSLEY and
CAROLYN S. GRIMSLEY, husband
and wife,

        Plaintiffs-Appellants,

v.

BOARD OF COUNTY
COMMISSIONERS OF ATOKA
COUNTY, OKLAHOMA, a/k/a Atoka
County Board of Commissioners;
TROY GAMMON, serving as the
Atoka County Clerk; RICHARD
LILLARD, serving as the Atoka
County Treasurer; JOHN DOE,

        Defendants-Appellees.

No. 00-7090
(D.C. No. 00-CV-159-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR, BALDOCK,** and **LUCERO**, Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pro se plaintiffs Jimmy L. and Carolyn S. Grimsley filed this action pursuant to 42 U.S.C. § 1983 and 12 U.S.C. § 1825 seeking compensatory damages from the 1989 tax sale of their property located in Atoka County, Oklahoma. The district court granted defendants' motion to dismiss, concluding that plaintiffs' claims were barred by the applicable statutes of limitations. Plaintiffs appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**Background**

Plaintiffs purchased the subject property on July 8, 1983. On June 11, 1984, plaintiffs obtained a loan in the amount of $30,000 from American National Bank of Durant, Oklahoma (the bank), to begin construction of a duplex on the subject property. In November 1986, plaintiffs filed for Chapter 7 bankruptcy relief, receiving a discharge on March 13, 1987. In February 1987, during pendency of the bankruptcy proceeding, the bank went into the receivership of the Federal Deposit Insurance Corporation (FDIC). On October 2, 1989, the subject property was sold for delinquent ad valorem taxes by the Atoka County Treasurer

to Jesse and Virginia Hall (the Halls), who received a resale tax deed on May 15, 1992. At some point during the next four years, the Halls conveyed the property to Daniel and Crystal Gabbart (the Gabbarts), who on May 20, 1996, brought an action to quiet title on the property. The property was eventually partitioned and sold, with one-half the proceeds going to the Gabbarts and one-half the proceeds going to plaintiff Carolyn Grimsley. [1]

On September 1, 1999, plaintiffs filed an action in federal court in the Western District of Oklahoma, which was dismissed for lack of subject matter jurisdiction and improper venue. On March 30, 2000, plaintiffs filed this action in federal court in the Eastern District of Oklahoma, claiming (1) the property was not properly foreclosed on by the bank prior to FDIC receivership; (2) the 1989 tax sale was void under 12 U.S.C. § 1825(b)(2); (3) plaintiffs were not given proper notice of the tax sale in violation of their due process rights; (4) the county treasurer falsely testified as to notice at the quiet title hearing in violation of plaintiffs' due process rights; and (5) the tax deed issued to the Halls was jurisdictionally deficient. The district court dismissed all of plaintiffs' claims brought pursuant to § 1983 as filed outside the applicable state two-year statute of limitations, Okla. Stat. tit. 12, § 95(3). It also dismissed plaintiffs' claims

---

[1] The court determined that Carolyn Grimsley retained her one-half interest in the property because, while Jimmy Grimsley had received adequate notice of the sale, the notice to Carolyn was inadequate.

brought pursuant to 12 U.S.C. § 1825 as outside the state five-year statute of limitations applicable to recovery of property sold for taxes, Okla. Stat. tit. 12, § 93(3). [2]

## Discussion

"This court reviews de novo the district court's determination that [p]laintiff[s'] claims are barred by the statute of limitations." *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998). In so doing, we accept as true all plaintiffs' well-pleaded allegations and construe them in a light most favorable to plaintiffs. *Id.* at 1195.

On appeal, plaintiffs claim that, even if section 95(3) served to bar their civil rights claims, the district court erred in failing to apply the state savings statute, Okla. Stat. tit. 12, § 100. Section 100 provides that, if a timely-filed action was adjudicated on some basis other than on the merits, the parties have an additional one-year period following the first adjudication to file a new action, even if the limitations period has run. Plaintiffs did not raise this issue in their responses to defendants' motion to dismiss or in their motion for a new trial

---

[2] In the absence of a statute of limitations articulated in 42 U.S.C. § 1983, the Supreme Court has held that the state statute of limitations applicable to personal injury actions should govern. *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). Likewise, because 12 U.S.C. § 1825 does not contain its own statute of limitations provision, the court must look to the most analogous state law provision. *Board of Regents v. Tomanio*, 446 U.S. 478, 488 (1980).

before the district court.  Rather, the  first mention of this argument appears in plaintiffs' appellate brief.  It is well settled that "[w]e will not consider issues not presented to the federal district court, absent extraordinary circumstances." *Fowler v. Ward* , 200 F.3d 1302, 1310 (10th Cir. 2000);     *accord FDIC v. Lowery*  , 12 F.3d 995, 997 & n.4 (10th Cir. 1993).  While we are obligated to liberally construe plaintiffs' pro se pleadings in conducting our review,       *see Haines v. Kerner* , 404 U.S. 519, 520-21 (1972), we do not act as an advocate for the pro se litigant,  *Hall v. Bellmon*  , 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiffs do not argue the existence of "extraordinary circumstances" preventing them from presenting this issue to the district court.      *Fowler* , 200 F.3d at 1310.  Therefore, this issue will not be addressed on appeal.      *See Lowery* , 12 F.3d at 997 n.4.

Next, plaintiffs argue that the district court erred in relying on section 93(3) to bar their 12 U.S.C. § 1825 claim, asserting that the tax deed issued to the Halls was void because the county did not have the consent of the FDIC prior to selling the property. [3]  *See id.*  § 1825(b)(2).  Once again, plaintiffs failed to argue this

---

[3]      We note that any cause of action based on the sale of the property without FDIC consent would belong to the FDIC.      *See, e.g. Lowery*  , 12 F.3d  at 995-997. Unless plaintiffs could establish,      *inter alia* , that they were injured in fact by the failure to obtain FDIC consent to the sale, they may lack standing to assert the claim.  *See Utah v. Babbitt*   , 137 F.3d 1193, 1203 (10th Cir. 1998) (stating that as a general principle, there is a prohibition on a litigant's advocating another litigant's legal rights).

position to the district court, and therefore, the issue will not be addressed by this court on appeal.   *See Lowery* , 12 F.3d at 997 & n.4.

Without supporting authority, plaintiffs assert that the running of the statute of limitations as to their § 1983 claims should be tolled because they were involved in litigation in state court between 1996 and 1999.  Plaintiffs do not explain the nature or extent of the state court litigation or assert that they were forced to pursue state judicial proceedings before initiating suit in federal court. Therefore, this argument is without merit.

Finally, plaintiffs assert that the running of the limitations period should be tolled due to defendants' alleged deceitful and fraudulent alteration and destruction of county records which, according to plaintiffs, prevented them from learning the nature of the recorded ownership of the property at the time of the tax sale.  Even accepting plaintiffs' assertions of fraud and deceit as true, it is clear that plaintiffs were on notice of the facts surrounding the tax sale on May 20, 1996, when the Gabbarts initiated the quiet title action.  It is at this time that the statute of limitations began to run against plaintiffs' § 1983 claims. Defendants' alleged fraudulent or deceitful conduct occurring before that time, even if true, cannot serve to toll the running of the limitations period.  Moreover, we agree with the district court's determination that the alleged alteration or destruction of county records was unrelated to plaintiffs' claims.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Stephanie K. Seymour
Circuit Judge